IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RODNEY DEAN THOMPSON                                                            PLAINTIFF

v.                                  No. 4:11-cv-694-DPM

THE HONORABLE CRAIG HANNAH;
ROBERT HUDGINS; ROBERT ABNEY;
PAUL A. SCHMIDT, SR.; THOMAS
HUGHES; and BUCK GIBSON                                                         DEFENDANTS

ORDER

This case spun out of an ongoing property dispute in White County Circuit Court over Thompson's father's estate. Thompson filed this § 1983 suit after Circuit Judge Craig Hannah found him in contempt of court for refusing to provide an accounting for a trust at issue in the underlying case; Judge Hannah ordered Thompson to jail until he complied with the court's order. He eventually complied and was released. The other Defendants are all lawyers who are involved (or have been in the past) in the state-court case. Each Defendant has moved to dismiss. Thompson did not respond.

All of Thompson's claims are legally defective for one reason or another. Judge Hannah is absolutely immune "from liability for damages for acts committed within [his] judicial jurisdiction[,]" even if "[he] is accused of acting maliciously or corruptly[.]" *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *see also Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986). This is for the public's

benefit: "judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson*, 386 U.S. at 554. Appeal is the cure for error by any trial court. *Ibid.*

And the facts pleaded about all the lawyers, even if true, do not state a plausible claim that they violated Thompson's rights under § 1983. 42 U.S.C. § 1983; *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009). The Court recognizes that detailed fact-pleading is not required; but Thompson's complaint consists of nothing more than "naked assertions" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ibid.* (quotation omitted). In short, Thompson needs to litigate his claims about the alleged mishandling of the state-court case in the state-court case.

Thompson has failed to state a claim against any of the Defendants upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Motions to dismiss, *Document Nos. 28, 29, 31, 33, 38, & 40*, granted. Thompson's complaint is dismissed without prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

4 April 2012